"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA BREZDEN, et al.**<br><br>　　　**Plaintiffs,**<br><br>　　v.<br><br>**ASSOCIATED SECURITIES CORP.,**<br>**et al.,**<br><br>　　　**Defendants.** | **CASE NO. CV 09-2771 AG (RNBx)**<br><br>**ORDER DENYING MOTION TO**<br>**REMAND; MOTION TO DISMISS;**<br>**PETITION TO VACATE** |

    This case involves allegations of securities fraud in violation of the federal securities statutes. The matter was arbitrated in February 2009, and the arbitrator issued and served a written decision in favor of Plaintiffs on March 24, 2009. Defendants then filed a petition to vacate that award ("Petition") in this Court, asserting that federal jurisdiction is appropriate given the subject matter of the underlying claims. Plaintiffs have now filed a motion to remand this case to state court ("Motion to Remand") and a motion to dismiss the case based on lack of jurisdiction ("Motion to Dismiss"). Finding that this Court has subject matter jurisdiction over the Petition, the Court DENIES the Motion to Dismiss and the Motion to Remand. The Court also DENIES the Petition to Vacate, finding that the arbitrators in this case did not act in manifest disregard of federal law.

**BACKGROUND**

Plaintiffs all invested in the Apex Equity Options Fund and L/P Premier Fund. (Markun Decl. Ex. 1 at 10.) Before each plaintiff invested in Apex, each was given an Apex Private Placement Memorandum ("PPM") and a Supplement to the PPM, and each executed a Subscription Agreement. Both the PPM and its Supplement note that the investment involves "a high degree of risk." (Markun Decl. Ex. 2 at 57, Ex. 3 at 118, 125.) The Subscription Agreement provides that the subscriber has "been furnished," "carefully read," and "relied solely" on the information contained in the PPM. (Markun Decl. Ex. 4 at 136.)

The Apex investments were not successful, and Plaintiffs suffered substantial losses. In October 2007, Plaintiffs initiated an arbitration action against Defendant Associated Securities Corp. ("ASC") and Defendant Jeffrey Forrest ("Forrest"), seeking to recover their losses resulting from the Apex investments. Plaintiffs alleged that Forrest, while working as a broker for ASC, fraudulently induced them to invest in Apex by falsely stating that Apex was a safe, secure, and liquid investment. Plaintiffs brought claims for federal securities fraud under Rule 10b-5 and common law fraud under the California Civil Code.

In responsive pleadings, ASC asserted that:

> [Plaintiffs] were provided written disclosures that set forth the risks of investing in APEX but nevertheless decided to make the investment. To the extent that the written materials contained disclosures that were inconsistent with what [Plaintiffs] allege Forrest said to them about APEX, such reliance on the verbal statements of Forrest was unreasonable.

(Markun Decl. Ex. 5 at 191.) During the arbitration, ASC also cited *Calvi v. Prudential Securities, Inc.*, 861 F. Supp. 69 (C.D. Cal. 1994), and *Carr v. Cigna Securities, Inc.*, 95 F.3d 544 (7th Cir. 1996), for the proposition that claims for securities and common law fraud are

2

barred for lack of justifiable reliance when the investor claims to have relied upon representations made by a broker that are at odds with clear and comprehensible investment documents provided to the investor.

Nevertheless, the arbitration panel found Forrest liable for both securities fraud and common law fraud, and found ASC liable for failing to properly supervise Forrest. (Markun Decl. Ex. 1 at 11.) The panel wrote:

> . . . it is . . . . apparent that [Plaintiffs] reasonably and justifiably relied on Forrest's advice. None of the [Plaintiffs] had any experience in understanding about investing in options (with the possible exception of Mark Baker), much less investing in an options trading fund. Forrest held himself out as an expert in matters of this sort and that is precisely why [Plaintiffs] hired him as their financial advisor/planner. Indeed, when the [Plaintiffs] asked Forrest about the contents of the PPM before they signed the Apex Subscription Agreements, he told them that they did not need to read it themselves because he had read it and "that was what they were paying him for." The one claimant, Rena Stathacopulous, who did in fact read the PPM and saw the various disclaimers about risk that were inconsistent with what Forrest was touting about Apex was essentially told to ignore it as "legalese." Forrest then went on to tell her that he rated the risk of investing in Apex on a scale of 1 to 10 (with 1 being the "safest") as a 2 or 3 notwithstanding that options trading, especially naked options trading, as was done here, is probably a 9 or 10 on that same 10 point scale . . . .
>
> At bottom, the evidence is undisputed that [Plaintiffs] put their faith and trust in Forrest. They had every right to rely on his purported

> expertise in matters of finance – particularly here where they paid him substantial fees to look after their interests in such matters.

(Markun Decl. Ex. 1 at 10-12.)

Defendants now move to vacate that award, arguing that the arbitrators acted in manifest disregard of federal securities law embodied in *Calvi* and *Carr*. Plaintiffs assert that the petition must be remanded or dismissed for lack of federal jurisdiction, and that, in any case, the arbitrators' award is consistent with federal law.

**ANALYSIS**

**1.      MOTION TO REMAND**

In their Motion to Remand, Plaintiffs argue that federal jurisdiction over Defendants' petition to vacate the arbitration award is inappropriate. Defendants, on the other hand, assert that the Petition "requires the Court to determine whether the arbitrators manifestly disregarded federal law concerning securities fraud under Section 10b-5 of the Securities Exchange Act of 1934." As a result, Defendants argue, "this process so immerses this Court in questions of federal law and their proper application that federal question subject matter jurisdiction is present." (Notice of Removal 1:19-21.) The Court agrees.

It is well-settled that claims under the Federal Arbitration Act ("FAA") do not automatically confer federal jurisdiction. *See, e.g.*, *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984). Plaintiffs cite *Goodman v. Oppenheimer & Co.*, 131 F. Supp. 2d 1180, 1183 (C.D. Cal. 2001), for the holding that federal jurisdiction over a petition to vacate an arbitration award is improper even where the petition argues that the arbitrator acted in manifest disregard of federal law. But that holding was apparently overruled in *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109 (9th Cir. 2004). In *Luong*, the Ninth Circuit held that where a petition to vacate an arbitration award alleges that the award was rendered "in manifest disregard of federal law," a

substantial federal question is presented and federal jurisdiction is proper. The court explained:

> in contrast to grounds of review that concern the arbitration process itself–such as corruption or abuse of power–review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the court in questions of federal law and their proper application that federal question subject matter jurisdiction is present.

*Id.* at 1112 (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000), *cert. denied*, 531 U.S. 1075 (2001)). There is no question that Defendants' Petition argues that the arbitrators in this case acted in "manifest disregard of federal law." Indeed, the Petition primarily asserts that the arbitrators ignored two relevant federal securities laws cases: *Calvi* and *Carr*. Consequently, under the clear holding of *Luong*, a substantial federal question has been presented, and federal jurisdiction is proper. The Motion to Remand is DENIED.

**2.      MOTION TO DISMISS**

Plaintiffs also move to dismiss the case for lack of subject matter jurisdiction. But in Section 1 of this Order, the Court found that this case presents a substantial federal question and that jurisdiction in this Court is appropriate. The Motion to Dismiss is DENIED.

**3.      PETITION TO VACATE**

In their Petition, Defendants argue that the arbitrators' award should be vacated because the arbitrators found for Plaintiffs despite being "well aware that the law bars claims for

5

securities and common law fraud where an investor purports to have relied on representations by the securities broker that are at odds with the investment documents." (Mot. 1:7-9.)

An arbitration award must be vacated if "exhibits a manifest disregard of the law." *Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 731 (9th Cir. 2006). An award exhibits manifest disregard of the law where it is "clear from the record that arbitrators recognized the applicable law and then ignored it." *Luong*, 368 F.3d at 1112 (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)).

Here, Defendants argue that *Calvi* and *Carr* "clearly state" that ASC's "no justifiable reliance" defense "absolutely bars [Plaintiffs'] securities and common law fraud claims as a matter of law." (Mot. 7:9-10.) The Court disagrees. The *Calvi* case primarily addresses when the statute of limitations begins to run on an investor's claim for fraud against a broker, and does not hold that claims like Plaintiffs' are barred as a matter of law. *Carr*, while more applicable to the issues in this case, explicitly limits its holding, stating:

> We do not say that a written disclaimer provides a safe harbor in every fiduciary case. Not all principals of fiduciaries are competent adults; not all disclaimers are clear; and the relationship may involve such a degree of trust invited by and reasonably reposed in the fiduciary as to dispel any duty of self-protection by the principal.

*Carr*, 95 F.3d at 548. Here, the arbitrators could have found that the relationship between Forrest and Plaintiffs involved "such a degree of trust invited by and reasonably reposed in the fiduciary as to dispel any duty of self-protection" by Plaintiffs. *See Carr*, 95 F.3d at 548. The arbitrators clearly emphasized the relationship between Plaintiffs and Forrest, including his statements that the investors did not need to read the investment documents and, if they did read the investment documents, were free to ignore their contents as mere "legalese." The arbitrators' holding does not exhibit a "manifest disregard of the law," and the Petition is DENIED.

**DISPOSITION**

The Motion to Dismiss, Motion to Remand, and Petition to Vacate are DENIED.

IT IS SO ORDERED.

DATED: June 1, 2009

                                                  _____
                                                           Andrew J. Guilford
                                                      United States District Judge